# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

JOHNNY LEE SANDERS, JR.                                                                           PLAINTIFF

V.                                   NO: 2:05CV00155 JLH/HDY

DANNY BURNETT, *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

     3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## **DISPOSITION**

On July 11, 2005, Plaintiff filed a *pro se*[1] Complaint (docket entry #1), pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants Danny Burnett, Tim Moore, Cathy Hicks, Michelle Callahan, and Linda Sanders. On August 12, 2005, this Court entered an Order directing Plaintiff to submit either the $250.00 filing fee, or a completed *in forma pauperis* application, within 30 days of the entry date of the Order (docket entry #2). Plaintiff has now been granted IFP status (docket entry #16).

---

[1]Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

## I.  Screening

Before docketing the Complaint, or as soon thereafter as practicable, the Court must review the Complaint to identify cognizable claims or dismiss the Complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  In conducting its review,  the Court is mindful that a Complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  Analysis of Plaintiff's claims

Plaintiff contends that Defendants fabricated an inmate program review meeting, and disciplined him for his failure to obey an order to attend, in retaliation for a grievance he had earlier filed against a correctional officer not named as a Defendant.  On July 26, 2004, Plaintiff filed a grievance alleging that he was assaulted by an officer Lopez, not a named Defendant, on July 14, 2004.  On December 2, 2004, Plaintiff was called to the special investigative supervisor's ("SIS") office in connection with the investigation.  That same day, Plaintiff was scheduled to attend an inmate program review meeting at 1:30 p.m, which apparently was at the same time Plaintiff was

at the SIS office. When Plaintiff returned from the SIS office, he was directed by Defendant Burnett to attend the inmate program review meeting at 4:45 p.m. Plaintiff asserts that Defendant Moore, the unit manager, who is a mandatory participant in the inmate program review meeting, had already left the housing unit for the day. Plaintiff refused the order to attend the later meeting, and, as a result of failure to attend the initial meeting, and failing to obey the officer's direction to attend the later meeting, Plaintiff was charged and convicted of missing the meeting, and failing to obey an order. On January 20, 2005, Defendant Sanders determined that Plaintiff's absence from the 1:30 p.m. meeting was excusable, but the failure to follow the Burnett order was not. Thus, Sanders reversed the conviction of missing the meeting, but let stand the conviction of failing to obey Burnett's order.

Plaintiff advances four causes of action in his Complaint: (1) he was falsely accused of misconduct when he missed a "fabricated" inmate program review meeting, and his appeal was met with an unjustified 25 day delay, (2) that he was denied equal treatment when Defendant Moore was not present at the inmate program review meeting, (3) Defendant Moore's presence on the unit disciplinary committee ("UDC") deprived him of an impartial hearing and was retaliatory, and (4) his right to "reasonable safety was violated when Defendant Sanders failed to regulate subordinate staff conduct, and allowed him to suffer loss of privileges due to the disciplinary sanction he received.

Plaintiff's first cause of action concerns the discipline he received for missing the inmate program review meeting. Plaintiff contends that Defendant Burnett fabricated this meeting after Plaintiff had earlier that day met with the special investigative supervisor's office in connection with the July, 2004, grievance. Plaintiff argues that this meeting was manufactured, so that he could be disciplined for missing it. As evidence of the meeting's lack of authenticity, Plaintiff cites the fact

that Defendant Moore, a mandatory member of the committee, had already left the housing unit. According to Plaintiff, Defendant Moore's attendance at the meeting was required by prison policy.

Plaintiff was ultimately disciplined only for failing to follow Burnett's order to report for the meeting after he returned from the SIS office. Plaintiff does not allege that he followed the Burnett's order to report for his program review meeting. Accordingly, the disciplinary sanction he received for refusing to follow the order cannot be construed as retaliatory, because Plaintiff did, in fact, violate a prison rule. The Eighth Circuit has held that "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform." *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). More recently, the Court has reiterated that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). The various grievance allegations and responses from correctional officials, which Plaintiff has attached as exhibits to his Complaint, indicate that Plaintiff was disciplined for refusal to obey an order from a correctional officer, code 307. The fact that prison policy may have been violated when a "mandatory" member of the program review team may not have been present at the meeting is of little consequence. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no 42 U.S.C § 1983 liability for violation of prison policy). The simple fact is that Plaintiff violated orders.

Plaintiff also alleges retaliation in a delay in processing his grievances. Plaintiff asserts that his grievances were not answered in the time provided for by prison policy. It appears from exhibits attached to Plaintiff's Complaint that there was a delay due to an administrative error by prison officials. However, the Court does not believe that a 25 day delay in processing a grievance that challenged a disciplinary sanction which was validly imposed for an actual violation of prison rules

5

rises to the level of a constitutional violation. *See Hughes v. Lee County Dist. Court*, 9 F.3d 1366, 1367 (8th Cir.1993) (assertion that state violated its own procedural guidelines does not state federal claim).

Plaintiff's second cause of action is that he was denied equal treatment when Defendant Moore, in violation of prison policy, was not present at the inmate program review meeting he was directed to attend. However, Plaintiff did not attend the inmate program review meeting, nor does he allege that he attempted to follow the officer's order for him to attend. Had Plaintiff actually been interested in a proper program review meeting, he could have attended, then, if it was defective in some way, grieved that issue. Additionally, as discussed above, even if Defendant Moore's absence from the inmate program review meeting was a violation of prison rules, such a violation does not equate to a constitutional deprivation for Plaintiff, who does not have standing to complain of a deficiency in a meeting he did not attend.

Plaintiff's third cause of action is that he was denied due process when he was subjected to capricious and retaliatory disciplinary action, and when Defendant Moore sat as a member of the UDC considering his discipline for his violation of the officer's order. As discussed above, discipline imposed for actual violation of a rule cannot be retaliatory. Plaintiff's complaints of Defendant Moore's participation in Plaintiff's disciplinary hearing is equally without merit. There is no indication that Defendant Moore's failure to attend the program review meeting would preclude his unbiased consideration of Plaintiff's alleged violation of prison rules. Defendant Moore's participation in Plaintiff's disciplinary hearing simply does not state a constitutional claim.

Plaintiff's fourth cause of action is that Defendant Sanders failed to regulate staff, and allowed him to continue in his loss of privilege status, depriving him of his constitutional rights. It appears that Plaintiff seeks to hold Defendant Sanders liable on a *respondeat superior* basis, solely

6

because of her position as warden of the facility. It is undisputed that defendants cannot be held liable under § 1983 on a *respondeat superior* basis. *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997). Prison officials and supervisors may incur liability only for their personal involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Because it appears that Plaintiff has named Defendant Sanders on the basis of her supervisory position, and not on the basis of her personal actions, and there is no evidence of tacit authorization of unconstitutional practices, his claims against Defendant Sanders must fail.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint (docket entry #1) be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that, pursuant to 28 U.S.C. § 1915(g), that any appeal from the Order and Judgment dismissing this action be considered frivolous and not in good faith.

DATED this _19_ day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE